UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA HASSANZADEH, | No.  1:26-cv-00056-DC-CKD (HC) |
| Petitioner, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| CHRISTOPHER CHESTNUT, et al., | (ECF No. 12) |
| Respondents. | |

Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 27, 2026, the magistrate judge filed findings and recommendations which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days.  ECF No. 12.  Respondents filed objections, merely stating that Respondents object and "stand on their previous briefing."  ECF No. 13 at 1.  However, Respondents' arguments in their previous briefing were addressed and rejected by the magistrate judge in this case and by the undersigned other cases.  Specifically, the undersigned has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must

1

provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim).  Thus, Respondent's objections do not provide a basis upon which to reject the findings and recommendations

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1.  The findings and recommendations filed on February 27, 2026 (ECF No. 12) are ADOPTED;

2.  The petition for writ of habeas corpus (ECF No. 1) is GRANTED;

3.  Respondents shall release Petitioner from custody immediately under the terms of supervision in place at the time of her detention;

4.  Any additional restrictions on Petitioner's release from custody cannot be imposed unless determined necessary at a pre-deprivation / custody hearing;  Petitioner cannot be re-arrested or re-detained by Respondents absent compliance with constitutional protections, including a minimum of seven-days' notice and a hearing before a neutral fact-finder where Respondents show: (a) there are material changed circumstances which demonstrate that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future; or (b) Respondents demonstrate by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk.  At any such hearing, Petitioner shall be allowed to have counsel

present; and

5. The Clerk of the Court is directed to enter judgment in favor of Petitioner and close this case.


IT IS SO ORDERED.

Dated:   **March 17, 2026**

Dena Coggins
United States District Judge